

O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS KINKADE and NANETTE K. KINKADE, | CASE NO. SACV 08-1362 AG (ANx) |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIM AND TO STRIKE PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES |
| v. | |
| TROJAN EXPRESS, LLC; CARVER BOAT CORPORATION; BRUNSWICK CORPORATION; MERCURY MARINE; BAYPORT YACHTS, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |

Defendant Genmar Yacht Group LLC dba Carver Yachts ("Carver") filed a motion (the "Motion") to dismiss the fraud claim brought by plaintiffs William Thomas Kinkade and Nanette K. Kinkade (collectively "Plaintiffs") and to strike Plaintiffs' prayer for punitive damages. Defendant Bayport Yachts, Inc. ("Bayport") joined in the Motion (the "Bayport Joinder"). Defendant Brunswick Corporation and its unincorporated Mercury Marine Division ("Mercury Marine") also joined in the Motion (the "Brunswick Joinder").

After considering the parties' arguments, the Court GRANTS the Motion. The Court dismisses Plaintiffs' sixth claim for fraud. The Court strikes paragraph 87 of the Complaint,

1    page 18, lines 7-9, and item 6 of the prayer for relief, page 19, line 22.

2         The Court grants the Motion with leave to amend.  Plaintiffs may file an amended

3    complaint within 21 days of this Order, setting forth adequate allegations against Defendants.

4    The amended complaint shall be complete in and of itself, and shall not incorporate by reference

5    any prior pleading.

6

7    **BACKGROUND**

8

9         Plaintiffs bought a yacht from Bayport.  (Compl. ¶ 11.)  Carver manufactured the yacht.

10   (Mot. 2:11-12.)  Mercury Marine built the yacht's engines and sold them to Carver.  (Brunswick

11   Joinder 1:5-8.)  According to Plaintiffs, the engines' exhaust system was defective, "with the

12   result that sea water was allowed to enter the combustion chambers of the engines through open

13   exhaust valves . . . causing the catastrophic failure of the engines . . . ."  (Compl. ¶ 16.)

14        Plaintiffs filed their Complaint in state court.  Bayport, Carver, and Mercury Marine

15   (collectively "Defendants") removed to this Court.  Plaintiffs allege seven claims against

16   Defendants, numbered as follows: (1) breach of Cal. Civ. Code § 1793 *et seq*.; (2) breach of

17   express warranty; (3) breach of implied warranty of merchantability; (4) breach of 14 U.S.C. §

18   2301 *et seq*.; (5) breach of contract; (6) fraud; and (7) declaratory relief.

19

20   **LEGAL STANDARD**

21

22        A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon

23   which relief can be granted. Fed R. Civ. P. 12(b)(6).  But "[o]rdinary pleading rules are not

24   meant to impose a great burden upon a plaintiff," *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336,

25   347 (2005), and a complaint need only include "a short and plain statement of the claim showing

26   that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  "Specific facts are not necessary;

27   the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds

28   upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting

*Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)).  Conversely, a complaint should be dismissed for failure to state a claim where the factual allegations do not raise the "right of relief above the speculative level."  *Id.*

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).  But courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted).  To satisfy this specificity requirement, "the who, what, when, where, and how" of the misconduct must be alleged.  *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation omitted).  Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Rule 9(b) serves several purposes.  One is to "furnish the defendant with certain definite charges which can be intelligently met."  *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal.3d 197, 216 (1983) (quoting *Lavine v. Jessup*, 151 Cal. App. 2d 59, 69 (1958)).  Other purposes include "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from 'unilaterally imposing upon the court, the parties, and society enormous social and economic costs absent some factual basis.'"  *Anderson v. Clow* (*In re Stac Elecs. Sec. Litig.*), 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).

## ANALYSIS

### 1.      STATUTE OF LIMITATIONS

In places, Defendants seem to argue that the relevant statutes of limitations bar Plaintiffs' claims.  For example, Carver argues that "[d]espite the fact that the instant lawsuit was filed eight years post sale, the plaintiffs invoke the 'delayed discovery rule' to circumvent the statute of limitations." (Mot. 2:17-19.)  But Carver tells the Court that it "will challenge this issue on a separate motion after appropriate discovery." (*Id.* 2:19 n. 2.)  Thus, the Court will not now rule on whether Plaintiffs' claims are outside the relevant limitations periods.

### 2.      INCORPORATION BY REFERENCE

Defendants argue that the Complaint incorporates several documents by reference, and that the Court may consider them in ruling on the Motion.  Plaintiff disagrees.  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  But "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in a ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell* , 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara* , 307 F.3d 1119 (9th Cir. 2002).  This is known as "incorporation by reference." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

The Complaint quotes the Mercury Marine installation manual (the "Manual") and Service Bulletin No. 89-32, but Plaintiffs do not attach these documents to the Complaint.  Plaintiffs quote the Manual to support the allegation that Defendants "knew of and intentionally concealed from Plaintiffs the propensity of the Vessel as herein complained." (Compl. ¶ 20.)  Plaintiffs cite a passage of the Manual that says:

> [T]he subject engines and exhaust systems were the subject of numerous service bulletins issued by Defendant Mercury Marine and provided to all other Defendants, but not to Plaintiffs, which warn that the "[s]ystem layout and construction must prevent the cooling system discharge water from flowing back into the engine and seawater from entering the engine through the exhaust system."

(*Id.*)  Plaintiffs quote Service Bulletin No. 89-32 as part of their allegation that Defendants were aware that "detailed studies and field reports from service technicians, authorized dealers and service providers established that '[u]nder certain operating systems, V6/V8 engines equipped with thru transom exhaust systems may ingest (suck) water back into the exhaust manifold,' but did not disclose this to Plaintiffs."  (Compl. ¶ 21.)  Since Plaintiffs allege the Manual and Service Bulletin No. 89-32 in the Complaint, they are incorporated by reference.  The Court considers the Manual and Service Bulletin No. 89-32 in its ruling.

In the Complaint, Plaintiffs refer to several other documents.  Plaintiffs allege that Service Bulletin Nos. 84-1, 93-1, 96-7, 98-6, 99-10, 2001-10, and 2001-13, and InfoGram No. 02-07, show that Defendants "had specific knowledge of the defective nature of the engines, exhaust elbows, and exhaust system which rendered the Vessel itself unseaworthy . . . but did not disclose this to Plaintiffs."  (Compl. ¶ 23.)  Defendants argue that by referring to these documents, Plaintiffs incorporate them by reference.  Unlike the Manual or Service Bulletin No. 89-32, Plaintiffs do not quote from these documents or cite specific passages.  But Plaintiffs allege the contents of these documents in the Complaint.  Thus, Plaintiff incorporates them by reference, and the Court may consider them in ruling on the Motion.

### 3.     WHETHER PLAINTIFFS ADEQUATELY PLEAD THEIR FRAUD CLAIM

Defendants argue that Plaintiffs fail to allege their fraud claim with adequate specificity.  The Court agrees.

Plaintiffs bring their fraud claim under both a fraudulent misrepresentation theory and a fraudulent concealment theory.  A plaintiff alleging fraudulent concealment need not meet the

1    same heightened pleading standard as plaintiffs alleging other types of fraud.  *Swartz v. KPMG*

2    *LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  This is because a plaintiff alleging fraudulent

3    concealment will "not be able to specify the time, place, and specific content of an omission as

4    precisely as would a plaintiff in a false representation claim."  *Falk v. General Motors Corp.*,

5    496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007).  But a plaintiff still "must plead with

6    particularity the circumstances surrounding the concealment and state facts showing his due

7    diligence in trying to uncover the facts."  *Rutledge v. Boston Woven Hose & Rubber Co.*, 576

8    F.2d 248, 250 (9th Cir. 1978).

9           Most of Plaintiffs' assertions are too vague to support their fraud claim.  Plaintiffs allege

10   that Defendants were aware that Mercury Marine "established a Water Ingestion Team to

11   respond to the epidemic of water ingestion affecting inboard engine applications on Sea Ray and

12   Carver yachts.  This Water Ingestion Team had been formed prior to Plaintiffs' purchase of the

13   Vessel, but its existence and purpose was [sic] not disclosed to Plaintiffs."  (Compl. ¶ 22.)  The

14   allegation of the mere existence of a "Water Ingestion Team" is not adequately specific.

15   Similarly, Plaintiffs state that "Defendants, and each of them, knew of and intentionally

16   concealed from Plaintiffs the propensity of the Vessel as herein complained, and failed and

17   deliberately refused to advise or warn Plaintiffs."  (*Id.* ¶ 20.)  Plaintiffs also assert that

18   Defendants "failed to inform Plaintiffs of the fact that Defendants received numerous reports of

19   Water Ingestion issues in salt water applications occurring with V-Drive models equipped with

20   MerCruiser power packages."  (*Id.* ¶ 25.)  These generalized allegations do not provide adequate

21   specificity.

22          Plaintiffs also allege that the MerCruiser Service Bulletin Nos. 84-1, 93-1, 96-7, 98-6, 99-

23   10, 2001-10, and 2001-13, and InfoGram No. 02-07 show that Defendants had "specific

24   knowledge of the defective nature of the engines."  (Compl. ¶ 23.)  Plaintiffs need to point to

25   specific passages in these documents.  It is not enough for Plaintiffs to list the documents and

26   include a blanket statement that the documents show Defendants had "specific knowledge."

27          Two of Plaintiffs' allegations include quotes from Defendants' publications.  These

28   allegations are adequately specific, but they do not support a claim for fraud.  Plaintiffs allege

1    that "the subject engines and exhaust systems were the subject of numerous service bulletins

2    issued by Defendant Mercury Marine and provided to all other Defendants, but not to Plaintiffs,

3    which warn that the '[s]ystem layout and construction must prevent the cooling system discharge

4    water from flowing back into the engine and seawater from entering the engine through the

5    exhaust system.'"  This quote comes from the Manual.  As described in Section 2, by including

6    this quote, Plaintiffs incorporate the Manual by reference.  The surrounding text of the Manual

7    shows that this quote is part of a guide for installers.  For example, this section of the Manual

8    also says that "[i]t is the responsibility of the boat manufacturer, or installing dealer, to properly

9    locate the engine and install the exhaust system.  Improper installation may allow water to enter

10   the exhaust manifold and combustion chambers, and severely damage the engine."  (Declaration

11   of Randolph T. Moore ("Moore Decl.") Ex. A p. 10.)  Far from being a "service bulletin" that

12   was deliberately withheld from Plaintiffs, the Manual is an installation guide provided for

13   manufacturers and installers.  Further, the Manual actually instructs the manufacturer or installer

14   to give the Manual to the owner after installation.  (*Id.* Ex. A p. 1.)

15        Plaintiffs also allege that "detailed studies and field reports from service technicians,

16   authorized dealers and service providers established that '[u]nder certain operating systems,

17   V6/V8 engines equipped with thru transom exhaust systems may ingest (suck) water back into

18   the exhaust manifold,' but [Defendants] did not disclose this to Plaintiffs."  (Compl. ¶ 21.)  This

19   quote comes from Service Bulletin No. 89-32.  As described in Section 2, by including this

20   quote Plaintiffs incorporate Service Bulletin No. 89-32 by reference.  Service Bulletin No. 89-32

21   goes on to say, "This condition is caused by the design of the exhaust system from the exhaust

22   manifold elbow (on the engine) back.  If you have an engine with this condition, install Exhaust

23   Elbow Trough Kit."  (Moore Decl. Ex. B.)  This document does not establish a defect in the

24   engine and is not the "smoking gun" Plaintiffs make it out to be.  It is a set of technical

25   instructions for trained installation personnel.  Further, because it is an installation guide, it is not

26   surprising that Defendants do not provide it to consumers.

27        Plaintiffs bring their fraud claim under two theories, fraudulent misrepresentation and

28   fraudulent concealment.  Even under the relaxed pleading standard for fraudulent concealment,

7

1   Plaintiffs fail to state a claim.

2

3   **4.       PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES**

4

5   Defendants move to strike Plaintiffs' prayer for punitive damages, specifically paragraph

6   87 of the Complaint, page 18, lines 7-9; and item 6 of the prayer for relief, page 19, line 22.

7   Rule 12(f) permits a court to strike from a pleading any redundant, immaterial, impertinent, or

8   scandalous matter.  A motion to strike may be used when the damages are not recoverable as a

9   matter of law.  *See, e.g., Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir.

10  1974).

11  A punitive damages award is appropriate if a defendant acts with "oppression, fraud, and

12  malice."  *Perkins v. Sup. Ct.*, 117 Cal. App. 3d 1, 6-7 (Cal. Ct. App. 1981).  But "[s]imply

13  pleading the terms 'oppression, fraud, and malice,' without alleging sufficient facts, is

14  conclusory and does not in itself support a punitive damage award."  *Id.*  In Section 3, the Court

15  concluded that Plaintiffs fail to plead their fraud claim with adequate specificity.  Because

16  Plaintiffs do not sufficiently plead oppression, fraud, or malice, the Complaint does not support a

17  prayer for punitive damages.

18

19  **5.       CONCLUSION**

20

21  Plaintiffs fail to allege their fraud claim with adequate specificity.  Without the fraud

22  claim, the Complaint does not support Plaintiffs' prayer for punitive damages.

23

24

25

26

27

28

**DISPOSITION**

The Court GRANTS the Motion.  The Court dismisses Plaintiffs' sixth claim for fraud. The Court strikes paragraph 87 of the Complaint, page 18, lines 7-9, and item 6 of the prayer for relief, page 19, line 22.

The Court grants the Motion with leave to amend.  Plaintiffs may file an amended complaint within 21 days of this Order, setting forth adequate allegations against Defendants. The amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

IT IS SO ORDERED.

DATED: March 23, 2009

_____
Andrew J. Guilford
United States District Judge